**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| LELA CHOATE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09-CV-492-JHP-TLW |
| ) | |
| WAL-MART STORES EAST, L.P., ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court is Defendant Wal-mart Stores East L.P.'s Motion for Summary Judgment [Doc. No. 30], Plaintiff's Response in Opposition [Doc. No. 33], and Defendant's Reply to Plaintiff's Response [Doc. No. 35]. For the reasons stated herein, Defendant's Motion for Summary Judgment is hereby **DENIED**.

## BACKGROUND

This litigation arises from an incident which occurred on February 17, 2007, wherein the Plaintiff, Lela Choate fell at the Wal-mart store located in Bartlesville, Oklahoma. Choate arrived at the Bartlesville Wal-mart with her daughter, Tine Uriarte. Choate claims she fell when she tripped over a "bow" near the end of the entry way mat at the Wal-mart. Choate stated in her deposition that after she fell she "glanced back" and saw the bow in the mat. Uriarte said she saw what caused her mom to fall:

> Q: Prior to your mother falling, did you see at that point what caused your mom to fall?
> A: Yes, cause I immediately looked down to see what she fell over, and there was a bow in the rug she tripped over it.
> Q: How big was the bow in the rug?
> A: I can't be exact for sure but there was a bow in the carpet.
> Q: Was the bow very high?

1

> A:   Yeah. It was high enough she tripped over it.
>
> [Doc. No. 30-2]

Plaintiff filed the current action against Wal-mart in the District Court of Washington County on February 3, 2009, alleging the Defendant was negligent in maintaining its premises, the Defendant failed to warn the Plaintiff of a hidden danger, and negligently created an unsafe condition on its premises. Wal-mart filed a Notice of Removal seeking to remove this case to the District Court for the Northern District of Oklahoma on July 28, 2009. Choate claims she was injured as a result of the fall and is seeking damages in excess if $75,000.00.

## DISCUSSION

Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In making the summary judgment determination, the Court examines the factual record and draws reasonable inferences therefrom in the light most favorable to the non-moving party. *Simms v. Oklahoma*, 165 F.3d 1321, 1326 (10th Cir. 1999). The presence of a genuine issue of material fact defeats the motion. An issue is "genuine" if the evidence is significantly probative or more than merely colorable such that a jury could reasonably return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). A fact is "material" if proof thereof might affect the outcome of the lawsuit as assessed from the controlling substantive law. *Id*. at 249.

In this case, Wal-mart has filed a Motion for Summary Judgment claiming the "hazard" complained of by the Plaintiff was open and obvious. The parties agree that Choate held the status of an invitee on the day of the incident. "A shopkeeper owes an invitee a duty of reasonable care, and an invitee who is a business visitor is entitled to that care which would make the premises safe

for the invitee's reception. *Zagal v. Truckstops Corp. of America*, 1997 OK 75, ¶6, 948 P.2d 273, citing *Brown v. Nicholson*, 1997 OK 32, ¶ 7, 935 P.2d 319. ". . .[R]easonable care owed is dependent upon the particular visitor's frequency upon the premises, her knowledge of the conditions of the premises, and the extent of the permission granted by the owner, and thus reasonable care in a negligence action has different meanings shifting with the circumstances of each case." *Id*. Wal-mart, as the owner, owed Choate, as an invitee "a duty to keep the premises reasonably safe from hidden dangers, traps, snares, and the like." *Id.* However, Wal-mart "is under no legal duty to warn an invitee of a danger which is obvious and should be observed in the exercise of ordinary care." *Id*.

Wal-mart primarily relies on *Southerland v. Wal-mart Stores, Inc.*, 1993 OK CIV APP 12, 848 P.2d 68, to support its argument that the bow in the mat was an open and obvious condition. The Plaintiff in *Sourtherland*, tripped over a "bright orange" extension cord which stretched across the floor "directly in the path of travel." *Id.* In *Southerland* the trial court found, and the appellate court agreed, that the bright orange cord against the white tile create an "open and obvious hazard which was readily ascertainable to a reasonable person in the exercise of ordinary case." *Id*. at 69. The case at issue before this Court is clearly distinguishable. The Plaintiff contends she tripped over a bow in the mat placed in the entry way of the Wal-mart. There is no allegation that the bow in the mat, which Plaintiff claims caused her to fall, was brightly colored and therefore, should have easily stood out to the Plaintiff if she was exercising ordinary case as was the case in *Southerland*. To the contrary, the Plaintiff's daughter, who was with her at the time of the fall, testified during her deposition that she would have only been able to see the bow in the mat while standing in the store

3

if she was really looking for it.[1]

Wal-mart contends that the Plaintiff and her daughter both admit that *after* Choate fell they were able to see the bow in the mat which they claim caused Choate's fall. Wal-mart contends because the bow in the mat was visible, the Court should conclude it was open and obvious; however, "[t]he Oklahoma Supreme Court has stated that 'the characteristic of an item as being observable ... cannot, by itself, require that item to be declared as a matter of law an open and obvious danger.'" *Julian v. Secured Inv. Advisors*, 2003 OK CIV APP 81, ¶23, 77 P.3d 604, 608, citing *Zagal v. Truckstops Corp. of America,* 1997 OK 75, ¶9, 948 P.2d 273, 275. "Instead, [a]ll of the circumstances must be examined to determine whether a particular condition is open and obvious to the plaintiff or not." *Id.* (Internal quotations omitted). The Oklahoma Supreme Court has often found that in cases where the condition or defect was visible but, nevertheless, unseen by the Plaintiff, whether the condition was open and obvious is a question for the jury. See *Phelps v. Hotel Mgmt., Inc.,* 1996 OK 114, 925 P.2d 891 (plaintiff admitted that the glass bowl she struck her head on was not hidden or obstructed from view in any way, however, a jury question existed as to whether the bowl appeared to be harmless when it fact there was potential for serious injury); *Roper v. Mercy Health Ctr.,* 1995 OK 82, 903 P.2d 314 (plaintiff tripped over small light fixture installed in sidewalk; question of fact existed as to whether people walking on sidewalk prevented her from seeing the fixture).

This Court finds that reasonable minds could differ as to whether the bow in the mat in the entry way as an open and obvious hazard, therefore, Defendant's Motion for Summary Judgment

---

[1] Q: Were you able to see the bow in the mat from standing inside the store as well?
A: You'd have to really be looking to see it, yeah.
[Doc. No. 33-2]

4

is **DENIED**.

## CONCLUSION

For the foregoing reasons Defendant's Motion for Summary Judgment is hereby **DENIED**.

**IT IS SO ORDERED** this 6th day of August, 2010.

*/s/ James H. Payne*
James H. Payne
United States District Judge
Northern District of Oklahoma